UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH KENDRA, | ) |
| | ) |
| Plaintiff | ) |
| | ) **Case No.:** |
| v. | ) |
| | ) **COMPLAINT AND DEMAND FOR** |
| BLUESTEM BRANDS, INC. d/b/a | ) **JURY TRIAL** |
| FINGERHUT, | ) |
| | ) |
| Defendant | ) |

## COMPLAINT

JOSEPH KENDRA ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., allege the following against BLUESTEM BRANDS, INC. d/b/a FINGERHUT ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the Commonwealth of Pennsylvania, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Philadelphia, Pennsylvania 19154.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a company with its principal place of business located at 7075 Flying Cloud Drive, Eden Prairie, Minnesota 55344.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. At all relevant times, Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone.

11. Plaintiff has only used this phone as a cellular telephone.

12. Beginning in or around March or April 2017 and continuing through June 2017, Defendant called Plaintiff on his cellular telephone on a repetitive and continuous basis.

13. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system and/or automatic and/or pre-recorded

messages.

14. Plaintiff knew Defendant was using an automatic telephone dialing system and/or automatic and/or pre-recorded messages as he would be regularly greeted with a discernible delay or pause prior to speaking to Defendant's representatives.

15. Defendant's telephone calls were not made for "emergency purposes."

16. Although Plaintiff had an account with Defendant, he revoked consent for Defendant to call his cellular telephone in or around May 2017.

17. Specifically, Plaintiff told Defendant to stop calling him, thereby revoking any consent previously given to Defendant to place calls to his cellular telephone number.

18. Once Defendant was informed that its calls were unwanted and to stop calling, there was no lawful purpose to making additional calls, nor was there any good faith reason to place calls.

19. Defendant heard and acknowledged Plaintiff's revocation of consent, as well as, his demand to stop calling his cellular telephone number.

20. Nevertheless, Defendant persisted in calling Plaintiff on his cellular telephone multiple times per day thereafter.

21. Defendant's persistent calls were particularly annoying and vexing

since he was often interrupted while at work.

22. In addition to the incessant calls from Defendant, Plaintiff also received automated voice messages.

23. After Defendant ignored Plaintiff's clear demand to stop calling, Plaintiff ultimately downloaded a blocking application in order to curtail these unwanted calls.

24. Upon information and belief, Defendant conducts its business in a manner that violates the TCPA.

## COUNT I
## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

25. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

26. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using an automated message and/or prerecorded voice and/or automatic telephone dialing system.

27. Defendant's calls to Plaintiff were not made for emergency purposes.

28. Defendant's calls to Plaintiff were not made with Plaintiff's prior express consent, especially calls made in or after May 2017, as Plaintiff revoked any previous consent given to call his cellular telephone.

4

PLAINTIFF'S COMPLAINT

29. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

30. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

31. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JOSEPH KENDRA, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c.    Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

    e.    Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JOSEPH KENDRA, demands a jury trial in this case.

                                      RESPECTFULLY SUBMITTED,

Date: July 14, 2017         By: */s/ Amy L. Bennecoff Ginsburg*
                                       Amy L. Bennecoff Ginsburg
                                       Kimmel & Silverman, P.C.
                                       30 E. Butler Pike
                                       Ambler, PA 19002
                                       Phone: (215) 540-8888
                                       Fax: (877) 788-2864
                                       Email: teamkimmel@creditlaw.com